Respondent is no longer in contempt of this Court's September 12, 2018 order.
Attachment
ENTRY ORDER
SUPREME COURT DOCKET NO. 18-075
DECEMBER TERM, 2018
VERMONT SUPREME COURT
FILED IN CLERK'S OFFICE
DEC 10 2018
In re Phyllis McCoy-Jacien, Esq. (Office of Disciplinary Counsel)
APPEALED FROM:
Original Jurisdiction
PRB DOCKET NO. 2018-024
On October 18, 2018, this Court held respondent Phyllis McCoy-Jacien, Esq. in contempt for failing to comply with an order of this Court. Respondent was provided the opportunity to purge her contempt by November 30, 2018 by taking certain actions. She was also given the opportunity to request the appointment of counsel, which she did not do. In accordance with the notice served upon respondent, a purge hearing was held on December 4, 2018. Respondent did not appear and she failed to purge her contempt. A daytime-only warrant for her arrest is being issued simultaneously with this order. This order will be personally served on respondent.
As set forth in the arrest warrant, upon her arrest, respondent will be brought to the Superior Court, Rutland Unit, Criminal/Family Division for a hearing before the Justices of the Vermont Supreme Court, or some of them. The superior court will contact the Vermont Supreme Court and the trustee in this case, Jess Schwidde, Esq. after being notified of respondent's arrest. Unless otherwise ordered by the Supreme Court, respondent will be held at the superior court until the arrival of the trustee in this matter, Jess Schwidde, Esq., and a hearing shall be held. Unless otherwise ordered, respondent will be released from custody following the hearing if she does the following, to the extent not addressed during the hearing, to purge her contempt:
Consistent with the trustee's Demand Letter of May 7, 2018, with respect to pending Vermont matters immediately:
1. Provide a list of the names, addresses, phone numbers, and emails for all Vermont clients being represented in all pending matters (and shall call attention to any urgency for action on the client's part);
2. Provide a list of the names, addresses, phone numbers, and emails for any co-counsel in pending matters; and
3. Provide a list of the names, addresses, phone numbers, and emails for any opposing counsel in pending matters, or in the absence of such counsel, the names and addresses of adverse parties.
Respondent must also immediately:
1. Provide a list of the names, addresses, phone numbers, and emails for all Vermont clients for whom she has papers, other property, and files; and
2. Provide a description of the contents of papers or other property to which *663 the clients are entitled to have returned to them, including and not limited to original documents, deeds, wills, trusts for the return of said papers, other property and files.
She must also immediately provide the trustee with an accounting of client funds, specifically:
1. Provide a list of the names, addresses, phone numbers, and emails for all Vermont clients for whom she is holding funds in IOLTA accounts; and
2. Provide a list of the names, addresses, phone numbers, and emails for all Vermont clients and accounting for any fees paid in advance which have not been earned.
After providing such information to the trustee, and after her release, respondent shall immediately allow the trustee to have physical access to the files of her Vermont clients at the location where the files are kept.
* *If respondent fails to comply with ANY of these purge conditions, she is subject to re-arrest and incarceration until she fully complies with this Court's order.* *
The trustee is directed to file an affidavit with this Court of respondent's compliance or noncompliance with these purge conditions within one business day of respondent's arrest.
BY THE COURT:
/s/
Paul L. Reiber, Chief Justice
/s/
Marilyn S. Skoglund, Associate Justice
/s/
Beth Robinson, Associate Justice
/s/
Harold E. Eaton, Jr., Associate Justice
/s/
Karen R. Carroll, Associate Justice